UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 2:26-cv-03218-AH-(PDx) | Date | June 15, 2026 |
|---|---|---|---|
| Title | *Jeffrey David Bulkin v. NewRez, LLC et al.* | | |

Present: The Honorable    Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND AND DENYING AS MOOT MOTION TO DISMISS  [14][16][JS-6]**

Before the Court are two motions: a Motion to Remand filed by Plaintiff Jeffrey David Bulkin, Trustee of The Jeffrey David Bulkin Revocable Living Trust U/T/D May 13, 2005 ("Plaintiff"), and a Motion to Dismiss filed by Defendants Newrez LLC, a Delaware corporation doing business as Shellpoint Mortgage Servicing ("Newrez") and Wilmington Savings Fund Society, FSB ("Wilmington"),[1] not in its individual capacity but solely as Owner Trustee of OBX 2024-NQM11 Trust ("OBX Trust") (collectively, "Defendants"),. Mot. to Remand, Dkt. No. 14; Mot. to Dismiss, Dkt. No. 16. Both motions are fully briefed. *See* Opp'n to Mot. to Remand, Dkt. No. 22; Reply to Mot. to Remand, Dkt. No. 23; Opp'n to Mot. to Dismiss, Dkt. No. 19; Reply to Mot. to Dismiss, Dkt. No. 24. The Court deems this matter appropriate for resolution without a hearing, and

---

[1] Defendants contend they were erroneously sued as Wilmington Savings Fund Society, a Delaware Corporation, as Owner Trustee of OBX 2024-NQM11 Trust and OBX 2024-NQM11 Trust, a Delaware Statutory Trust. Defendant National Default Servicing Corporation ("NDSC") filed a joinder in Defendants' Motion to Dismiss. Dkt. No. 17. Plaintiff opposed the joinder, Dkt. No. 21, and NDSC filed a reply in support of joinder, Dkt. No. 25.

hereby **VACATES** the hearing currently set for June 17, 2026.  *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Defendant's Motion to Dismiss as moot.

## I.    BACKGROUND

On February 13, 2026, Plaintiff filed this action in the Los Angeles Superior Court, Case No. 26STCV04991.  Compl., Dkt. No. 1-1.  In the Complaint, Plaintiff named as defendants: (1) Newrez LLC, a Delaware corporation doing business as Shellpoint Mortgage Servicing; (2) Wilmington Savings Fund Society, a Delaware corporation, as owner trustee of OBX 2024-NQM11 Trust; (3) OBX 2024-NQM11 Trust, a Delaware Statutory Trust; (4) National Default Servicing Corporation, an Arizona corporation; and (5) "ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD UPON PLAINTIFF'S TITLE THERETO."  Compl. ¶¶ 2-7.  Plaintiff seeks to quiet title to his property, have a Notice of Default concerning Plaintiff's home cancelled and declared void, preclude any further action to foreclose on the property at issue, and obtain relief as a result of Defendants' alleged violations of the California Homeowners' Bill of Rights and slander to Plaintiff's property.  *Id.* ¶ 1.

Defendants NewRez and Wilmington removed the Complaint to this Court on the basis of diversity jurisdiction on March 25, 2026.  Notice of Removal ("NOR"), Dkt. No. 1.  On May 15, 2026, Plaintiff moved to remand the case and Defendants moved to dismiss the case.  Dkt. Nos. 14, 16.

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs.  *Id.* §§ 1331, 1332(a).

"The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the

statute." *See California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *amended on denial of reh'g by*, 387 F.3d 966 (9th Cir. 2004). All defendants who have been "properly joined and served" must join in the notice of removal. 28 U.S.C. § 1446(a); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).

## III.    DISCUSSION

Plaintiff argues that Defendants have failed to establish subject matter jurisdiction, because Defendant's Notice of Removal, which removes on the basis of diversity jurisdiction, does not properly address the citizenship of OBX Trust. Mot. to Remand at 6. The Notice of Removal only refers to the citizenship of the Wilmington, Trustee of the OBX Trust, Newrez, and NDSC. The parties do not dispute the amount in controversy.

The citizenship of a trust for jurisdictional purposes depends on whether the trust is a "traditional trust" or a nontraditional trust, such as a business trust or real estate investment trust. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383-84 (2016). When a trustee of a traditional trust is sued in its own name and is the real party in interest to the litigation, the trustee's citizenship "controls the diversity analysis." *Demarest v. HSBC Bank USA, N.A. as Tr. for registered holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE2*, 920 F.3d 1223, 1231 (9th Cir. 2019). "Many States . . . have applied the 'trust' label to a variety of unincorporated entities that have little in common with this traditional template." *Americold*, 577 U.S. at 383. "Traditionally, a trust was not considered a distinct legal entity, but a 'fiduciary relationship' between multiple people." *Id.* In contrast, an unincorporated entity that is not a traditional trust "possesses the citizenship of all its members." *Id. Americold* "distinguish[es] (1) traditional trusts establishing only fiduciary relationships and having no legal identity distinct from their trustees, from (2) the variety of unincorporated artificial entities to which states have applied the 'trust' label, but which have little in common with traditional trusts." *Demarest*, 920 F.3d at 1229. In defining a traditional trust, courts consider the following factors: "the nature of the trust as defined by the applicable state law; whether the trust has or lacks juridical person status; whether the trustee possesses real and substantial control over the trust's assets; and the rights, powers, and responsibilities of the trustee, as described in the controlling agreement." *Id.* at 1229-30 (citations omitted).

Defendants argue that OBX Trust is a traditional trust with the purpose of holding mortgage loans in trust for the benefit of the certificate holders.

---

Defendants further assert that Wilmington, as trustee, possesses the powers to hold, manage, and dispose of assets for the benefit of OBX Trust.  But, Defendants fail to provide evidence supporting their conclusory arguments.  Defendants do not attach the trust agreement, nor do they discuss OBX Trust's members or beneficiaries.  The parties do not dispute that OBX Trust is a Delaware statutory trust formed under Delaware law.  Under Delaware law, statutory trusts have juridical person status and can sue and be sued as an entity.  *See* 12 Del. Code. Ann. §§ 3804(a), 3801(i); *see also Otoh v. Fed. Nat'l Mortg. Ass'n*, 2024 WL 489702, at *3 (11th Cir. Feb. 8, 2024) (finding a Delaware statutory trust is not a traditional trust and has juridical person status).  A Delaware statutory trust is an "unincorporated association" "including but not limited to a trust of the type known at common law as a 'business trust.'"  12 Del. Code Ann. §§ 3801(a), (i).  And district courts addressing this issue commonly find Delaware statutory trusts to be business trusts, as opposed to traditional trusts, possessing the citizenship of the trust's members, rather than the trustee.  *See, e.g., U.S. Bank Tr., N.A. v. Dupre*, 2016 WL 5107123, at *4 (N.D.N.Y. Sept. 20, 2016); *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, 712 F. Supp. 3d 324, 331-32 (E.D.N.Y. 2024).  The Court finds that Defendants have failed to sufficiently establish this Court's subject matter jurisdiction and **GRANTS** Plaintiff's Motion to Remand.  Accordingly, the Court **DENIES** as moot Defendants' Motion to Dismiss.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED** and Defendants' Motion to Dismiss is **DENIED AS MOOT**.  The Court **REMANDS** this case to the Los Angeles Superior Court, case number 26STCV04991.  All dates are vacated, and the Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**